JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
JACKSON T. LANE (CA SBN 351633)
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

ADITYA V. KAMDAR (CA SBN 324567)
AKamdar@mofo.com
BRITTANY A. WARREN (*pro hac vice*)
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:    202.887.1500
Facsimile:    202.887.0763

[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants
STABILITY AI LTD., STABILITY AI, INC., AND
STABILITY AI US SERVICES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GETTY IMAGES (US), INC., <br><br> Plaintiff, <br><br> v. <br><br> STABILITY AI LTD., ET AL., <br><br> Defendants. | Case No. 3:25-cv-06891-TLT <br><br> **DEFENDANTS' RESPONSE TO THE COURT'S QUESTIONS FOR HEARING** <br><br> Judge: Hon. Trina L. Thompson |

EVAN GOURVITZ (*pro hac vice*)
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone:　　212.468.8000
Facsimile:　　212.468.7900

CHRISTOPHER R. ADLER (CA SBN 346588)
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:　　213.892.5200
Facsimile:　　213.892.5454

## A. COUNT II: false copyright management information in violation of 17 U.S.C. § 1202(a)

**[TO BOTH PARTIES]**

Section 1202(a) prohibits knowingly and intentionally inducing, enabling, facilitating, or concealing copyright infringement by (1) providing false CMI and (2) distributing or importing for distribution false CMI. 17 U.S.C. § 1202(a)(1)–(2). The Court interprets this provision as requiring a "double scienter" standard that involves both actual knowledge and specific intent and notes that this intent analysis may differ from the standards applied under 17 U.S.C. § 1202(b).

If the parties contest this interpretation, please explain why and cite the controlling legal authority supporting an alternative standard.

***Defendants' Response:***

The Court's interpretation is correct.

Section 1202(a) requires that the defendant acted both "knowingly" and "with the intent to induce, enable, facilitate, or conceal infringement." 17 U.S.C. § 1202(a). *See, e.g.*, *McGucken v. Shutterstock, Inc.*, 166 F.4th 361, 369 (2d Cir. 2026) ("In other words, § 1202(a) contains a pair of scienter elements: to be liable, a party must both have *actual knowledge* that the CMI at issue is false and have acted with the *intent* to induce, enable, facilitate, or conceal infringement." (emphases in original)).

By contrast, Section 1202(b)(1), which is not at issue in this case, requires only that the defendant "intentionally remove[d]" CMI with "reasonable grounds to know[] that [the absence of CMI] will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b)(1).

Thus, Section 1202(a) differs in that it requires actual knowledge (as opposed to "reasonable grounds to know") and the specific intent to induce, enable, facilitate, or conceal infringement (as opposed to the intent to remove CMI).

**B. COUNT IV: unfair competition under 15 U.S.C. § 1125(a)**

**[TO BOTH PARTIES]**

The Court is cognizant of the Ninth Circuit and this district's decisions related to this claim, which was barred under *Dasnar*. *E.g.*, *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017); *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962 (N.D. Cal. 2013). Plaintiff filed its statement of recent decision, *Advance Local Media LLC v. Cohere Inc.*, No. 25-cv-1305 (CM), 2025 U.S. Dist. LEXIS 223808 (S.D.N.Y. Nov. 13, 2025); ECF 39.

Please explain whether the view in *Advance Local Media LLC* is relevant to this case in distinguishing the limitation established under *Dasnar* in *Slep-Tone Ent. Corp.* and *Craigslist Inc.*, or other legal authority.

***Defendants' Response:***

The analysis in *Advance Local Media* from the Southern District of New York is not relevant to this case because it is directly contrary to the Ninth Circuit's analysis in *Slep-Tone*. *Advance Local Media* denied a motion to dismiss on the ground that *Dastar* applies only to actions alleging "reverse passing off" (affixing the defendant's trademark to the plaintiff's goods), rather than regular "passing off" (affixing the plaintiff's trademark to the defendant's goods):

> In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33–34 (2003), the Supreme Court held only that a plaintiff cannot bring a Lanham Act claim for *reverse* passing off based solely on an allegation that a defendant appropriated the plaintiff's communicative content. Nothing in that decision suggests that *Dastar* precludes claims of passing off under the Lanham Act, nor does Cohere cite anything in support of that proposition.

*Advance Loc. Media LLC v. Cohere Inc.*, No. 25-CV-1305 (CM), 2025 WL 3171892, at *10 (S.D.N.Y. Nov. 13, 2025). That is the only discussion of *Dastar* from the *Advance Local Media* court.

But in *Slep-Tone*, the Ninth Circuit applied *Dastar* to exactly the kind of claim at issue in *Advance Local Media*: a claim of regular "passing off" (affixing the plaintiff's trademark to the

DEFENDANTS' RESPONSE TO THE COURT'S
QUESTIONS FOR HEARING                                    4
CASE NO. 3:25-CV-06891-TLT

defendant's goods).  In *Slep-Tone*, "Plaintiff's theory [was] that, because the media-shifted files display Plaintiff's trademarks and trade dress when performed, consumers will be confused about their origin—believing that the tracks originated with Plaintiff, rather than with Defendants." *Slep-Tone*, 845 F.3d at 1249.  But even though this was a claim for regular "passing off" rather than "reverse passing off," the Ninth Circuit applied *Dastar* and held the claim precluded.  *Id.* Thus, because it is contrary to binding Ninth Circuit authority, *Advance Local Media* does not affect the result here.

The same is true of *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 979 (N.D. Cal. 2013), cited by Plaintiff in its Opposition.  *See* ECF 31 at 15.  That case is from 2013—before the Ninth Circuit's 2017 *Slep-Tone* opinion, which overruled it.  The *Craigslist* case rejects a *Dastar* argument on three grounds, but none of them affect the outcome here:

- First, *Craigslist* rejects the *Dastar* argument on the ground that *Craigslist* involved "a regular 'passing off' claim" as opposed to a claim for reverse passing off.  *Craigslist* at 978.  But as discussed above, *Slep-Tone* held that *Dastar* could be applied to regular passing off claims as well as reverse passing off claims.  *Slep-Tone*, 845 F.3d at 1249.

- Second, *Craigslist* rejects the *Dastar* argument on the ground that *Craigslist* was a claim that a trademark had been applied to services, as opposed to goods.  *Craigslist* at 978.  But here, Getty alleges that the mark has been applied to "synthetic images." Compl. ¶ 137.

- Third, *Craigslist* rejects the *Dastar* argument as to trademark infringement claims under Section 32 of the Lanham Act, 15 U.S.C. § 1114, since it reads *Dastar* as limited to claims under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).  But *Slep-Tone* holds that *Dastar* is equally applicable to claims under Section 32 and claims under Section 43.  *Slep-Tone*, 845 F.3d at 1249.  *Accord Evox Prods. LLC v. AOL Inc.*, 522 F. Supp. 3d 727, 732–33 (C.D. Cal. 2021) (applying *Slep-Tone* to dismiss a trademark infringement claim on *Dastar* grounds).

Thus, as with *Advance Local Media*, nothing in *Craigslist* affects the outcome here.  Because the Lanham Act claims here arise out of alleged confusion about "the person or entity that originated

the ideas or communications" in question, those claims are barred by *Dastar*. *Dastar*, 539 U.S. at 32.

Dated:  April 6, 2026

Respectfully submitted,

**MORRISON & FOERSTER LLP**

By:  *s/ Joseph C. Gratz*
　　　 Joseph C. Gratz

JOSEPH C. GRATZ
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY
TSaulsbury@mofo.com
JACKSON T. LANE
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

ADITYA V. KAMDAR
AKamdar@mofo.com
BRITTANY A. WARREN
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:   202.887.1500
Facsimile:   202.887.0763

EVAN GOURVITZ
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone:   212.468.8000
Facsimile:   212.468.7900

CHRISTOPHER R. ADLER
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:   213.892.5200
Facsimile:   213.892.5454

*Attorneys for Defendants*
*Stability AI, Ltd., Stability AI, Inc., and*
*Stability AI US Services Corporation*