DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

BENJAMIN E. MARKS (*pro hac vice*)
benjamin.marks@weil.com
JARED R. FRIEDMANN (*pro hac vice*)
jared.friedmann@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BRIAN G. LIEGEL (*pro hac vice*)
brian.liegel@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3180

Attorneys for Plaintiff GETTY IMAGES (US), INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GETTY IMAGES (US), INC.,<br><br>Plaintiff,<br><br>v.<br><br>STABILITY AI, LTD., STABILITY AI, INC., and STABILITY AI US SERVICES CORPORATION,<br><br>Defendants. | Case No. 3:25-CV-06891-TLT<br><br>**GETTY IMAGES' REPLIES TO QUESTIONS FOR HEARING**<br><br>Judge:   Hon. Trina L. Thompson<br>Date:    April 6, 2026 |

Plaintiff Getty Images (US), Inc. ("Getty Images") respectfully submits the following responses to the Court's Questions for Hearing [ECF No. 44] entered on April 1, 2026.

## I.    COUNT II: FALSE COPYRIGHT MANAGEMENT INFORMATION IN VIOLATION OF 17 U.S.C. § 1202(A)

Getty Images agrees that § 1202(a) of the DMCA imposes a "double scienter" standard requiring both knowledge and intent. The statute's text makes this clear: "No person shall *knowingly* and with *the intent* to induce, enable, facilitate, or conceal infringement—provide copyright management information that is false." 17 U.S.C. § 1202(a) (emphasis added).[1] Courts have consistently recognized this two-pronged requirement. *See Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018); *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1053–54 (N.D. Cal. 2023) (denying motion to dismiss).

Getty Images' allegations readily satisfy this standard. First, Getty Images' allegations support a plausible inference that Stability AI knowingly allowed Stable Diffusion to generate output bearing Getty Images' watermarks. Getty Images' Complaint clearly alleges that Stability AI was "well aware" that Stable Diffusion "very easily" generates images featuring Getty Images' watermark, "but has not taken adequate steps to prevent that from happening," especially in light of the fact that watermarks continued to appear in Stability AI outputs *after* Getty Images first sued Stability AI in the District of Delaware in February 2023. *See* Complaint, ECF No. 1 ("Compl."), ¶¶14, 84-87, 98-102; Getty Images' Opposition ("Opp."), ECF No. 31, at 6–7.

Second, Getty Images' allegations support a direct inference that Stability AI intended to induce, enable, or facilitate infringement. Stability AI intentionally infringed Getty Images' copyrights by downloading many millions of Getty Images' copyrighted images, intentionally used those infringing copies to train Stable Diffusion, intentionally developed an image generation model that outputs both infringing images as well as materially different images that are falsely attributed to Getty Images, and intentionally continued that infringing behavior after being sued for it, knowing that its model was falsely associating Getty Images' world-famous trademarks with a wide variety of works that were not

---

[1] While Defendants have referred to the intent as "specific intent" in their briefing, and the Court's question adopts that phrasing, Getty Images understands this to be simply shorthand for the statutory requirement that the intent must be "to induce, enable, facilitate, or conceal infringement." 17 U.S.C. § 1202(a). No other "specificity" is required under the statute or the relevant cases interpreting the statute.

GETTY IMAGES' REPLIES TO QUESTIONS FOR HEARING

CASE NO. 3:25-CV-06891-TLT

created by Getty Images and that the use of Getty Images' watermarks on Stability AI's own, different works could create the misimpression that Stability AI's works were endorsed or authorized by, or otherwise affiliated with, Getty Images. *See* Compl. ¶¶ 102, 138; Opp. at 7.

In support of its motion to dismiss Count II, Stability AI attempts to cast its uses of Getty Images' watermarks as "limited one-off instances" and only in the context of "low-quality," "bizarre," or "grotesque" images. *See* Motion to Dismiss ("Mot."), ECF No. 24, at 1. But that is contrary to the Complaint, which alleges that the false attribution of Getty Images' copyright management information to works it did not create has been pervasive and has occurred in relation to both high-quality aesthetically appealing works and lower-quality works.  *See* Compl. at ¶¶ 14, 15. Nor can Stability AI escape liability under § 1202(a) by citing to the reference to "overfitting" in Paragraph 83 of the Complaint as the cause of its false attribution of works of its own creation to Getty Images. Mot. at 3. The reference to "overfitting" in Paragraph 83 of the Complaint describes a potential cause for Stability AI's memorization and regurgitation of Getty Images' works in their entirety, but those instances are not the subject of Getty Images' § 1202(a) claims, which address a different phenomenon: the application of Getty Images' copyright management information to *different* works. *See* Compl. ¶¶ 85–87.

In short, Getty Images' allegations support a straightforward and plausible inference that Defendants acted both knowingly and with the statutorily required intent. At the pleading stage, no more is required. Mental conditions, including knowledge and intent, "may be alleged generally" under Federal Rule of Civil Procedure 9(b), and courts repeatedly have held that a plausible inference of the requisite knowledge and intent arises where a defendant attributes authorship or ownership to itself or otherwise provides false CMI in a manner that obscures or facilitates infringement. *See, e.g., Splunk Inc.*, 662 F. Supp. 3d at 1054 (denying motion to dismiss § 1202(a) claim where defendant allegedly misidentified itself as author and owner and added false licensing terms to obscure unlawful copying); *see also Andy Ryan Photographer, LLC v. Dagny's Real Est. LLC*, No. 24-CV-7787 (KMK), 2025 WL 2733858, at *4 (S.D.N.Y. Sept. 25, 2025) (denying motion to dismiss § 1202(a) claim, stating: "[D]rawing inferences in Plaintiff's favor and taking all well-pled allegations as true, the Court finds there is a plausible inference that Defendant acted with the intent to cause or conceal its own

infringement. To hold otherwise would be contrary to the Second Circuit requirement that district courts 'be lenient in allowing scienter issues to survive motions to dismiss.'").[2] In addition to citing numerous cases denying motions to dismiss § 1202(a) claims, Getty Images has also cited cases addressing the standards for § 1202(b) claims. The wording used in the statute in relation to the knowledge and intent prongs of § 1202(b) is different from the wording used in § 1202(a), but Getty Images respectfully submits that the § 1202(b) cases it has cited corroborate the conclusions drawn from the relevant § 1202(a) cases that Getty Images' allegations plausibly support the requisite inference of knowledge and intent here. Accordingly, Stability AI's motion to dismiss Count II of the Complaint should be denied.

## II.    COUNT IV: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

Getty Images' false designation claim under 15 U.S.C. § 1125(a) is not barred by *Dastar* or the Ninth Circuit cases interpreting it. *Dastar* holds that a plaintiff cannot use § 1125(a) to assert what is, in substance, a "plagiarism" claim—i.e., a claim for the use of "works [or] inventions without attribution." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 36 (2003). As Getty Images explained in its Opposition, instances in which Defendants duplicated Getty Images' works are separately addressed through Getty Images' copyright claims and are not the subject of its false designation of origin claims. *See* Opp. at 14–15. Getty Images' § 1125(a) claim is directed at a different but also pervasive phenomenon: Defendants' misleading use of Getty Images' marks on outputs of Stable Diffusion "in cases where the image generated by Stability AI is *not* substantially similar to an image copyrighted by Getty Images" (i.e., dissimilar, whether also aesthetically appealing or lower quality images). *Id.* at 14 (emphasis in original). The fact that Getty Images' Lanham Act claim is predicated not on plagiarism, but rather on misleading use of its marks on images Stability AI creates that are dissimilar to any of Getty Images' copyrighted images (that are the subject of its distinct copyright claims), places this case squarely outside the scope of *Dastar*. *Dastar* addressed a "reverse passing off" claim, in which the defendant was accused of distributing the plaintiff's work without attributing that work to the plaintiff. *See Dastar*, 539 U.S. at 28; *see also Craigslist Inc. v. 3Taps Inc.*,

---

[2] This is also the case when courts have considered § 1202(a) claims at the summary judgment stage. *See Powers v. Caroline's Treasures Inc.*, 382 F. Supp. 3d 898, 906 (D. Ariz. 2019); *ICONICS, Inc. v. Massaro*, 192 F. Supp. 3d 254, 273 (D. Mass. 2016).

942 F. Supp. 2d 962, 978 (N.D. Cal. 2013) (noting that *Dastar* involved a reverse passing off claim). Getty Images' false designation of origin claim is quite different. It is a "passing off" claim based on allegations that, at times, Stability AI is falsely attributing *Stability AI's* works to Getty Images. *See* Compl. ¶¶ 85–87, 137.

The *Advance Local Media LLC v. Cohere Inc*. case submitted by Getty Images as supplemental authority confirms this distinction and is highly relevant here. There, the court denied a motion to dismiss Lanham Act claims where an AI system generated outputs bearing publishers' trademarks on content the publishers did not create. *Advance Local Media LLC v. Cohere Inc*., No. 25-cv-1305 (CM), 2025 WL 3171892, at *10–11 (S.D.N.Y. Nov. 13, 2025). The court held that *Dastar* precludes § 1125(a) claims predicated "on an allegation that a defendant appropriated the plaintiff's communicative content," but does not bar traditional passing-off claims based on misleading use of a plaintiff's marks on works it did not create. *Id.* at *10. It is the latter sort of a § 1125(a) claim that Getty Images brings here to address those instances in which Defendants have used Getty Images' marks on those of Defendants' works that are dissimilar to any Getty Images' works. In those instances, Defendants' use of Getty Images' marks misleads consumers about the relationship between Defendants and Getty Images—falsely suggesting affiliation or endorsement—which is the hallmark of a traditional passing-off claim.[3]

*Craigslist Inc. v. 3Taps Inc*. likewise supports this conclusion. There, the court permitted a § 1125(a) claim to proceed because it was based on the defendant's use of the plaintiff's mark in a way that confused consumers about the parties' relationship. 942 F. Supp. 2d 962, 978–79 (N.D. Cal. 2013). The court emphasized that this was "not a case like *Dastar*" predicated on plagiarism. *See id.* at 980. Getty Images' claim is directly analogous: It is also predicated on the misleading use of its watermark—a source identifier—not on any overlap in creative expression. *See also* Opp. at 14–15 (citing *Craigslist*).

*Slep-Tone* does not compel a different result. There, the plaintiff's § 1125(a) claim was expressly predicated on the defendant's unauthorized duplication of the creative content of its karaoke

---

[3] Notably, the *Advance* court also held that display of the plaintiff's marks to free users of the generative AI product constituted a use in commerce, rejecting exactly the no-use-in-commerce defense Defendants have asserted here. *Id.* at *8–9.

tracks. *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs.*, LLC, 845 F.3d 1246, 1250 (9th Cir. 2017). The court rejected the claim because it effectively sought to police copying of expressive content under trademark law, creating a "species of mutant copyright law." *Id*. Getty Images' claim does no such thing: it applies to Defendants' use of Getty Images' marks on images Getty Images did not create, not the copying of protected expression. Here again, Defendants attempt to rely on their mischaracterization of Paragraph 83 of the Complaint, but they cannot escape potential liability through that impermissible rewriting. Reply, ECF No. 32, at 7. The reference to "overfitting" in Paragraph 83 describes a possible explanation for why Stability AI sometimes regurgitates exact replicas of works included in its training data. Compl. ¶ 83. It does not attempt to explain why Stability AI is applying Getty Images' watermarks to works that are different from any works in its training data, a topic which is properly the subject of discovery in this proceeding.

In short, Getty Images alleges a classic passing-off theory—misuse of its trademarks to falsely suggest source or affiliation—not a disguised copyright claim. Compl. ¶¶ 14, 129, 137. *Dastar* therefore does not bar its § 1125(a) claim.

Dated: April 6, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP


By:    */s/ David R. Singh*
       DAVID R. SINGH

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

BENJAMIN E. MARKS (*pro hac vice*)
benjamin.marks@weil.com
JARED R. FRIEDMANN (*pro hac vice*)
jared.friedmann@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BRIAN G. LIEGEL (*pro hac vice*)
brian.liegel@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3180

Attorneys for Plaintiff GETTY IMAGES (US),
INC.