UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GETTY IMAGES (US), INC.,
Plaintiff,

v.

STABILITY AI, LTD., et al.,
Defendants.

Case No. 25-cv-06891-TLT

**ORDER GRANTING DEFENDANT'S PROPOSALS ON ESI PROTOCOL AND PROTECTIVE ORDER**

Re: Dkt. Nos. 54, 54-1, 54-3

On April 30, 2026, the parties filed a joint case management statement for the May 7, 2026 case management conference. ECF 54. The parties request the Court's intervention on the disputes over the proposed ESI protocol and protective order. *Id*. As to the ESI protocol, Defendant seeks to limit the number of custodians and search terms to five, respectively, and Plaintiff contests that this limitation is not proper. *Id*. Plaintiff opposes the inclusion of Section 7.4 (Expert Access) and Section 8 (Prosecution Bar) that Defendant proposed in the protective order. *Id*.

**<u>ESI Protocol:</u>**

Having considered the parties' briefs and legal authority, the Court finds Defendant's proposed ESI protocol and protective order appropriate in this action. The Court is not persuaded that the limits on the number of custodians and search terms would prejudice Plaintiff's ability to prove the violation of copyright and trademark law at issue. Further, Plaintiff has not demonstrated good cause to deviate from this district's ESI Guideline and this Court's Civil Standing Order. *See Doe v. GitHub, Inc.*, No. 4:22-cv-06823-JST, ECF 168 (N.D. Cal. 2023) (entering an ESI protocol with five-custodian and five-search-term limits for a non-patent case).

United States District Court
Northern District of California

**Protective Order:**

The Court further finds that Defendant's proposal in the protective order is appropriate in this action, given that cases in this district involving generative AI have frequently adopted provisions nearly identical to those Defendant proposed. *See, e.g.*, *Andersen v. Stability AI*, No. 3:23-cv-00201-WHO, ECF 380 (N.D. Cal. 2026); *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, ECF 90 (N.D. Cal. 2024) (adopting sections identical to Expert Access and Prosecution Bar in their approved protective orders); *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223-AMO, ECF 106 (N.D. Cal. 2024); *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO, ECF 62 (N.D. Cal. 2024); *GitHub, Inc.*, No. 4:22-cv-06823-JST, ECF 63; *In re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB, ECF 168 (N.D. Cal. 2025) (adopting a section similar to Expert Access in their approved protective orders).

Accordingly, the Court **GRANTS** Defendant's proposals on the ESI protocol and protective order.

The parties are ORDERED to resubmit the final ESI protocol and protective order pursuant to the Court's order **no later than May 8, 2026**. All remaining discovery disputes shall be handled by the assigned Magistrate Judge.

Separately, during the case management conference on May 7, 2026, the Court notes that parties jointly stated that LAION is not an indispensable party in this action. However, the Court will monitor this issue during upcoming hearings pursuant to Federal Rules of Civil Procedure Rule 19.

IT IS SO ORDERED.

Dated: May 7, 2026

TRINA L. THOMPSON
United States District Judge