JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
JACKSON T. LANE (CA SBN 351633)
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

ADITYA V. KAMDAR (CA SBN 324567)
AKamdar@mofo.com
BRITTANY A. WARREN (*pro hac vice*)
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:    202.887.1500
Facsimile:    202.887.0763

[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants
STABILITY AI LTD., STABILITY AI, INC., AND
STABILITY AI US SERVICES CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GETTY IMAGES (US), INC., | Case No. 3:25-cv-06891-TLT-SK |
| Plaintiff, | **DEFENDANTS STABILITY AI LTD., STABILITY AI, INC. AND STABILITY AI US SERVICES CORPORATION'S AMENDED ANSWER TO COMPLAINT** |
| v. | |
| STABILITY AI LTD., ET AL., | |
| Defendants. | Judge: Hon. Trina L. Thompson |

DEFENDANTS' AMENDED ANSWER
TO COMPLAINT
CASE NO. 3:25-CV-06891-TLT-SK

1

EVAN GOURVITZ (*pro hac vice*)
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone:      212.468.8000
Facsimile:      212.468.7900

CHRISTOPHER R. ADLER (CA SBN 346588)
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:      213.892.5200
Facsimile:      213.892.5454

Defendants Stability AI Ltd., Stability AI, Inc., and Stability AI US Services Corporation (collectively, "Stability AI"), by and through the undersigned counsel, submit the following amended answer to Plaintiff Getty Images (US), Inc.'s Complaint.

Stability AI states that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and, therefore, require no response. To the extent that a response is deemed required, Stability AI denies the allegations contained in the Complaint's headings and sub-headings.

Stability AI states that Claim II (Providing False Copyright Management Information in Violation of 17 U.S.C. § 1202(a)) has been dismissed, pursuant to ECF No. 53, and that Plaintiff has not amended its Complaint to reallege Claim II. As such, the allegations in Claim II do not require a response. To the extent that a response is deemed required, Stability AI denies the allegations contained in Claim II.

Stability AI denies all allegations in the Complaint that are not explicitly admitted and otherwise answers as follows.

In response to the first unnumbered paragraph of the Complaint, Stability AI admits that Plaintiff purports to bring this action against Stability AI, that Plaintiff alleges various violations of the Copyright Act and violations of the Lanham Act, and otherwise denies the allegations of that paragraph.

## I.    NATURE OF ACTION

1.    Denied.

2.    Denied.

3.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

4.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

5.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

6.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

7.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

8.    Stability AI admits that Stability AI Ltd. was founded in 2019 as a for-profit company and that Stability AI, Inc. was founded in 2020 as a for-profit company, and that Mohammed Emad Mostaque was a founder of both.  Stability AI admits that the Business Insider article cited in this paragraph states that Stability AI raised more than $100 million in October 2022 and was valued at approximately $1 billion, and that the Reuters article cited in this paragraph states that Stability AI raised approximately $80 million in June 2024.  To the extent the allegations in this paragraph purport to summarize or are inconsistent with those articles, Stability AI denies those allegations.  Stability AI denies any remaining allegations in this paragraph.

9.    Denied.

10.    Stability AI admits that it offers some of its models through paid subscriptions. Stability AI admits that users of DreamStudio were able to use credits to generate images via text and/or image-based prompts and select among available models through the DreamStudio interface.  Stability AI denies the remaining allegations in this paragraph.

11.    Stability AI admits that it offers a service called Stable Assistant.  Stability AI admits that it currently offers monthly plans of $9, $19, $49, and $99.  Stability AI admits that its users receive a set number of credits on a plan.  Stability AI admits that Stable Assistant provides image and audio generation services.  Stability AI denies any remaining allegations in this paragraph.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.     Denied.

## II.     PARTIES

17.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

18.     Stability AI admits that Stability AI, Inc. is a Delaware corporation.  Stability AI denies any remaining allegations in this paragraph.

19.     Stability AI admits that Stability AI Ltd. is incorporated in the UK, with its principal place of business in London, UK.  Stability AI denies the remaining allegations in this paragraph.

20.     Stability AI admits that Stability AI US Services Corporation is a Delaware corporation.  Stability AI denies the remaining allegations in this paragraph.

21.     Stability AI admits that Stability AI Ltd. was founded in 2019.  Stability AI admits that Stability AI, Inc. owns 100% of Stability AI Ltd.  Stability AI denies the remaining allegations in this paragraph.

22.     Stability AI admits that Stability AI Ltd.'s October 4, 2023 and December 13, 2024 financial statements included the respective quotations set forth in this paragraph.  Stability AI denies the remaining allegations in this paragraph.

## III.     JURISDICTION AND VENUE

23.     Stability AI does not dispute subject matter jurisdiction.  Stability AI denies any remaining allegations in this paragraph.

24.     Solely for purposes of this matter, Stability AI does not dispute that jurisdiction and venue are proper in this District.  Stability AI admits that it moved to transfer the action captioned *Getty Images (US), Inc. v. Stability AI, Ltd., et al.*, No. 23-cv-135 (JLH) (D. Del.) to the Northern District of California.  Stability AI denies any remaining allegations in this paragraph.

25.     Stability AI admits that its motion to transfer stated "approximately 56 people in the United States worked for Stability UK through third-party remote working companies, with more than 20% of the US workforce residing in California."  Stability AI denies any remaining allegations in this paragraph.

26.     Stability AI admits that Stability AI US Services Corporation was incorporated in March 2023.  Stability AI admits that Stability AI US Services Corporation employs personnel in California who worked in connection with development of Stability AI's image models.  Stability AI lacks sufficient knowledge or information to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

27.     Stability AI admits that its motion to transfer stated "approximately 49 people in the United States work for Stability UK through the agreement with Stability Services, with more than 33% of the US workforce currently residing in California".  Stability AI denies any remaining allegations in this paragraph.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Stability AI admits that it maintains the email domain @stability.ai, and website https://stability.ai/.  Stability AI denies any remaining allegations in this paragraph.

32.     Stability AI admits that there is an action captioned *Hodes v. Mostaque et al.*, Case No. 23-cv-03481-MMC (N.D. Cal.).  Stability AI admits that a declaration in that action includes the statements attributed to Mr. Hodes in this paragraph.  Stability AI lacks knowledge or information sufficient to admit or deny the allegations regarding the referenced Stock Purchase Agreement, and on that basis denies them.  Stability AI denies the remaining allegations in this paragraph.

33.     Denied.

34.     Solely for purposes of this matter, Stability AI does not dispute that jurisdiction is proper in this District.  Stability AI denies any remaining allegations in this paragraph.

35.     Stability AI admits that it operates the website www.stability.ai/stable-assistant and previously operated the website www.dreamstudio.stability.ai.  Stability AI admits that these websites are available to Californians and people in the United States.  Stability AI admits that these users could have accessed DreamStudio and Stable Assistant.  Stability AI lacks sufficient

information to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

36. Stability AI lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

37. Stability AI admits that it maintains compute resources in the United States. Stability AI admits that its motion to transfer stated "Stability UK has spent over $3,750,000 with California suppliers." Stability AI denies any remaining allegations in this paragraph.

38. Stability AI admits that www.stability.ai contains the language "protected by copyright, trade dress, trademark, moral rights, and other intellectual property laws in the United States, the United Kingdom, and other international jurisdictions." Stability AI denies any remaining allegations in this paragraph.

39. Solely for purposes of this matter, Stability AI does not dispute that jurisdiction is proper in this District. Stability AI denies any remaining allegations in this paragraph.

40. Solely for purposes of this matter, Stability AI does not dispute that venue is proper in this District. Stability AI denies any remaining allegations in this paragraph.

#### IV.   ALLEGATIONS COMMON TO ALL CLAIMS

41. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

42. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

43. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

44. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

45. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

46. Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

47.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

48.     Stability AI admits that a list purporting to be Plaintiff's copyright registration numbers is attached to this Complaint as Exhibit A.  Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding Plaintiff's copyright registrations, and on that basis denies them.  Stability AI denies any remaining allegations in this paragraph.

49.     Stability AI admits that the image in paragraph 49 of the Complaint appears to contain the title and caption set forth in this paragraph.  Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

50.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

51.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

52.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

53.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

54.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

55.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

56.     Stability AI admits that a list purporting to be Plaintiff's trademarks is attached to this Complaint as Exhibit B.  Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

57.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

58.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

59.    Stability AI admits that Stability AI Ltd.'s 2022 annual report contains the statement: "The Group launched its first revenue generating activities in August 2022, which were linked to the Stable Diffusion text to image model series." Stability AI admits that Stable Diffusion was publicly announced on August 22, 2022. Stability AI denies any remaining allegations in this paragraph.

60.    Stability AI admits that it utilizes several steps in training Stable Diffusion models and in processing training data for Stable Diffusion models. Stability AI denies any remaining allegations in this paragraph.

61.    Stability AI admits that understanding the relationship between text and associated images is a factor that allows a model to produce images in response to text prompts. Stability AI denies any remaining allegations in this paragraph.

62.    Stability AI admits that it downloaded some data from URLs made available by non-party LAION and trained some versions of Stable Diffusion on some of that data. Stability AI admits that LAION is a German entity. Stability AI denies any remaining allegations in this paragraph.

63.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Stability AI admits that aspects of training Stable Diffusion have taken place in the United States. Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Stability AI admits that its motion to transfer stated that each of Alex Goodwin and Zion English was a "machine learning engineer who was involved in the development of a Stable Diffusion model." Stability AI denies any remaining allegations in this paragraph.

73.    Admitted.

74.    Stability AI admits that it has made payments for third-party computing services. Stability AI admits that it has used third-party computing services as part of training Stable Diffusion. Stability AI denies any remaining allegations in this paragraph.

75.    Denied.

76.    Stability AI admits that the images in paragraphs 42 and 43 appear to show a couple exchanging rings and a man playing drums, respectively. Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Stability AI admits that through training a model can learn the relationship between text and images, and generate new images. Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Stability AI admits that a Mastodon user appears to have stated: "It seems that #StableDiffusion overfits a bit when prompted with northern lights. I'm trying to get it to create a drawing in[s]tead of a photo and all I get are night[t]ime photos with GettyImages watermarks."

Stability AI admits that the Mastodon user appears to have posted the image in paragraph 85. Stability AI denies any remaining allegations in this paragraph.

86. Stability AI admits that a Reddit user appears to have stated: "I asked for a photo of two girls hugging and the AI tried to make a Getty images watermark. I didn't ask for that …." Stability AI admits that the Reddit user appears to have posted the image in paragraph 86. Stability AI denies any remaining allegations in this paragraph.

87. Stability AI admits that a Hugging Face user appears to have posted the image and prompt in paragraph 87. Stability AI denies any remaining allegations in this paragraph.

88. Denied.

89. Stability AI admits that it has permitted some third-party developers to access, use, and further develop some Stable Diffusion models without paying license fees to Stability AI. Stability AI denies any remaining allegations in this paragraph.

90. Stability AI admits that it has offered licenses at three different prices, and that it currently offers licenses at two different prices. Stability AI admits that the terms of its licenses permit use of its products for commercial, non-commercial, and research purposes. Stability AI admits that the enterprise license is limited to businesses with yearly revenues exceeding $1 million. Stability AI denies any remaining allegations in this paragraph.

91. Stability AI admits that it has offered two services named DreamStudio and Stable Assistant. Stability AI admits that it announced the release of a service named Stability AI Solutions. Stability AI admits that it currently offers monthly plans of $9, $19, $49, and $99 for Stable Assistant. Stability AI denies any remaining allegations in this paragraph.

92. Stability AI admits that Emad Mostaque stated in October 2022 that Stable Diffusion has 10 million daily users across all platforms. Stability AI admits that a third-party report estimated the total number of Stable Diffusion-created images to exceed 12.5 billion images. Stability AI lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, and on that basis denies them.

93.     Stability AI admits that on July 21, 2025, AMD announced a Stable Diffusion model for use on AMD cards and laptops. Stability AI denies any remaining allegations in this paragraph.

94.     Stability AI admits that there appears to be a Reddit thread titled "Obsolescence of stock images due to AI image generation." Stability AI denies any remaining allegations in this paragraph.

95.     Denied.

96.     Denied.

97.     Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

98.     Denied.

99.     Stability AI admits that a website called Photutorial appears to have published the article cited in this paragraph. Stability AI admits that the images in paragraph 99 appear to be in the cited article. Stability AI denies any remaining allegations in this paragraph.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## CLAIM I

### Copyright Infringement in Violation of 17 U.S.C. § 101 et seq.

104.    This paragraph incorporates by reference the preceding factual allegations, and thus no response is required. To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–103.

105.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

106.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

107.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

## CLAIM II

**Providing False Copyright Management Information in Violation of 17 U.S.C. § 1202(a)**

116.    With respect to paragraph 116, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI incorporates by reference its responses to paragraphs 1–115.

117.    With respect to paragraph 117, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

118.    With respect to paragraph 118, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

119.    With respect to paragraph 119, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

120.    With respect to paragraph 120, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

121.    With respect to paragraph 121, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

122.    With respect to paragraph 122, Stability AI states that no response is required following the Court's dismissal of Claim II in ECF No. 53.  To the extent a response is deemed required, Stability AI denies the allegations in this paragraph.

## CLAIM III

**Trademark Infringement in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)**

123.    This paragraph incorporates by reference the preceding factual allegations, and thus no response is required.  To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–122.

124.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

125.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

126.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

127.    Stability AI lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

## CLAIM IV

**Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

136.    This paragraph incorporates by reference the preceding factual allegations, and thus no response is required.  To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–135.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

## CLAIM V

**Trademark Dilution in Violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

144.    This paragraph incorporates by reference the preceding factual allegations, and thus no response is required.  To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–143.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

## CLAIM VI

**Unfair Competition in Violation of Cal. Bus. & Prof. Code. §§ 17200, et seq.**

152.   This paragraph incorporates by reference the preceding factual allegations, and thus no response is required.  To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–151.

153.   To the extent Plaintiff refers to the provisions of California statutes, the statutes speak for themselves, and Stability AI respectfully refers the Court to the text of these statutes.  Stability AI denies any remaining allegations in this paragraph.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

## CLAIM VII

### Trademark Dilution in Violation of Cal. Bus. & Prof. Code § 14247

158.   This paragraph incorporates by reference the preceding factual allegations, and thus no response is required.  To the extent this paragraph calls for a response, Stability AI incorporates by reference its responses to paragraphs 1–157.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

### V.   JURY TRIAL DEMANDED

With respect to the jury demand contained in Plaintiff's Complaint, Stability AI states that no response is required.  To the extent a response is deemed required, Stability AI denies that Plaintiff's claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiff in its Complaint, Stability AI asserts the following affirmative defenses.  Stability AI does not concede that it has the burden of proof on the defenses listed below:

### FIRST AFFIRMATIVE DEFENSE

### (Fair Use – Copyright)

165.    To the extent Stability AI has copied any protectable and copyrightable expression from any of Plaintiff's works at issue (the "Asserted Works"), that copying constitutes fair use. The following is a nonexclusive, exemplary description of some of the reasons that the copying constitutes fair use.

166.    Any such copying would be highly transformative, as it was for a different purpose than the Asserted Works. More particularly, upon information and belief, the Asserted Works were created as stock photographs to be used to accurately illustrate the images or scenes they depict, such as celebrities and landscapes.  However, any allegedly infringing use Stability AI may have made of those works (along with millions of others) was for the purpose of training a generative AI product, which in turn was to give users the ability to generate wholly novel images regardless of their artistic talent or personal limitations.

167.    The Asserted Works were created as works to be consumed by human audiences. Stability AI's alleged use, however, constitutes a tiny component of a vast set of training images—training materials neither accessible nor visible to any human consumer—aimed at building tools that let users generate wholly novel images in any style, for any purpose, regardless of artistic skill or personal limitations.

168.    Stability AI's training is highly innovative: rather than attempting to reproduce or replicate the expressive content of any training images, the process is intended to model the probabilistic relationship between text and image—edges, textures, colors, spatial structure, and semantic relationships—none of which are protected by copyright.  It is these unprotectable elements of the Asserted Works—not their expressive content—that the training process is intended to extract during model training.

169.    Any allegedly infringing use Stability AI may have made of the Asserted Works also was, at least in part, non-commercial, as certain of its models were released on an open-source and open-weight basis so they would be freely available for anyone to use.

170.    The works appear to be published rather than unpublished, which favors fair use, and many of the works at issue are highly factual, rather than creative, in nature.

171.    In addition, any use Stability AI made of the Asserted Works included no more of those works than was necessary to accomplish Stability AI's transformative purpose.  Training data is used because it represents examples of unprotectable patterns.  The models do not access training images after training and do not store that data.  They consist only of numeric parameter tensors.

172.    Any similarities between outputs and training data are rare, are unintended, and do not display a qualitatively or quantitatively significant amount of any protectable image.  Stability AI has taken steps to reduce any tendency of the models to replicate training images, including through deduplication of training data.

173.    Moreover, upon information and belief, any allegedly infringing use Stability AI may have made of the Asserted Works has not and will not harm any actual or potential market for the Asserted Works.  Getty has licensed and made these images available, and Stability AI's use has not impaired Plaintiff's ability to continue doing so.  Consumers seeking the original expressive content of the Asserted Works would not consider Stability AI's tools, or outputs generated by those tools, as substitutes, because those outputs do not include that expressive content.  Any decrease in sales or revenue is not a legally cognizable harm or is attributable to factors other than Stability AI's alleged use.

174.    Plaintiff has not suffered cognizable harm simply because it was not paid a license fee for this transformative use.  Researchers and technology companies have relied on publicly available Internet data for machine learning for years, and there is no traditional, reasonable, or likely-to-be-developed market through which Stability AI could license image data at the necessary scale and diversity.  The Asserted Works, if used at all, would be an infinitesimal

fraction of the necessary training content, so the economically rational license fee for any one work would be far smaller than the cost of negotiating a license.

## SECOND AFFIRMATIVE DEFENSE

### (Express or Implied License)

175.    Plaintiff's claims fail, in whole or in part, because the complained-of use was validly licensed by express or implied licenses.

176.    Certain of the Asserted Works previously were licensed to owners of stock photography CD-ROMs on a royalty-free basis.  Stability AI owns a copy of one or more of those CD-ROMs and is licensed thereunder.  Any use Stability AI allegedly made of such works, including without limitation those that were the subject of Registration No. VA0000901214 (identified in Exhibit A of the Complaint), is subject to an express license defense.

177.    In addition, Plaintiff maintains and has maintained robots.txt files on www.gettyimages.com and media.gettyimages.com that expressly allow automated access to its site, including to the Asserted Works.  For example, with respect to media.gettyimages.com, the robots.txt file allows all User-Agents that are not specifically identified as disallowed.[1]  That file thereby grants an express license (through "Allow" statements) and an implied license (through the absence of "Disallow" statements) to the Asserted Works for at least some of the allegedly infringing conduct at issue in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

178.    Plaintiff's remedies are barred at least in part by the applicable statutes of limitations, including without limitation because at least some of the purportedly infringing acts at issue, and the claims accruing therefrom, occurred more than three years before this action was filed.  The operative filing date is August 14, 2025, when Plaintiff filed in this district and any claim that accrued before August 14, 2022, falls outside 17 U.S.C. § 507(b).  Activity that occurred prior to August 14, 2022—e.g., purported copying and ingestion of Plaintiff's images and associated text to train the model—may relate to models that were released after August 14,

---

[1] https://media.gettyimages.com/robots.txt

2022.

179.    Similarly, Plaintiff's state-law claims, including its claim under California Business and Professions Code §§ 17200 et seq., are barred at least in part by the applicable four-year statute of limitations, Cal. Bus. & Prof. Code § 17208, to the extent they are predicated on acts that occurred more than four years before this action was filed.  The operative filing date is August 14, 2025, and any state-law claim that accrued before August 14, 2021, is time-barred. To the extent Plaintiff's Lanham Act claims and California trademark-dilution claim under Cal. Bus. & Prof. Code § 14247 borrow or are governed by the analogous four-year limitations period, those claims are likewise barred to the extent they rest on conduct occurring before August 14, 2021.

180.    To the extent that any theory of liability or damages relies on conduct commenced outside of the statutes of limitations, it is foreclosed.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

181.    Plaintiff's claims are barred or limited because Plaintiff brings this action with unclean hands.

182.    As a defense to copyright infringement, on information and belief, Plaintiff's own image generation AI tool is based in some respects on unlicensed third-party materials downloaded from the Internet, for example because the SmolLM3-3B and WAN 2.2 VAE elements that it uses were trained on unlicensed data.[2]  To be clear, Stability AI does not contend that there is anything wrongful about basing an image generation AI tool on unlicensed third-party materials downloaded from the Internet, but to the extent that Plaintiff contends otherwise, Plaintiff's own tools are based in part on such materials.

183.    As a defense to copyright infringement, on information and belief, Plaintiff has falsely alleged infringement of images, which may include some of the Asserted Works, that are in the public domain or owned by a third party.

184.    As a defense to trademark infringement and dilution, on information and belief,

---

[2] https://developers.gettyimages.com/ai-generation/model-card/

Plaintiff has offered and continues to offer to license images that incorporate and make unauthorized use of third-party marks.  These include, without limitation, the following asset IDs identified in Exhibit A to the Complaint: 463023667 (Intel logo), 465480757 (Apple logo), 463023673 (Intel logo), 487838701 (Chevron logo), 490815037 (Chevrolet logo), 487647957 (Nissan logo), 487838683 (Chevron logo), 452938164 (PG&E logo), 450874710 (Oracle logo), 450502218 (Uber logo), 487838697 (Chevron logo), 487838705 (Chevron logo), 450874642 (Oracle logo), 454550864 (Chrysler logo), 455334372 (Lululemon logo), 457723824 (CAT logo), 457552034 (Apple Pay logo), 454550852 (Jeep logo), 457723822 (CAT logo), 455929064 (Pabst Blue Ribbon logo), 457796326 (United Parcel Service logo), 457723818 (CAT logo), 460559814 (Oracle logo), 460559828 (Oracle logo), 454966912 (Electrolux logo), 462755472 (San Francisco 49ers logo), 475641738 (Chevrolet logo), 165360172 (Hyundai logo), 169278745 (Target logo), 167271604 (Apple logo), 167846734 (Ford logo), 187005592 (Tesla logo), 163572412 (McDonald's logo), 170938679 (Instagram logo), 167271603 (Apple logo), 141630759 (Oracle logo), 148470916 (Yahoo logo), 148470911 (Yahoo logo), 148470917 (Yahoo logo), 158539427 (Instagram logo), 148470920 (Yahoo logo), 148470915 (Yahoo logo), 158539421 (Instagram logo), 144688332 (Facebook logo), 143477863 (Ford logo), 149356040 (Chevron logo), 73645502 (Wells Fargo logo), 77402283 (Google logo), 74781406 (Best Buy logo), 73393175 (Whole Foods logo), 160338221 (American Airlines logo), 454566337 (American Airlines logo), 160338228 (American Airlines logo), 176560637 (Walmart logo), 160338227 (American Airlines logo), 176560632 (Walmart logo), 176560626 (Walmart logo), 160338226 (American Airlines logo), 675949688 (Microsoft logo), 892307190 (Disney logo), 647169990 (Snapchat logo), 675949746 (Microsoft logo), 892307166 (Disney logo), 892307200 (Disney logo), 696363458 (Nike logo), 696363390 (Nike logo), 696363408 (Nike logo), 892307170 (Disney logo), 486234004 (Google logo), 481503466 (Apple logo), 490537236 (Google logo), 486234008 (Google logo), 486234040 (Google logo), 481503468 (Apple logo), 486234002 (Google logo), 486234010 (Google logo), 486234042 (Google logo), 494969936 (Chevron logo), 482157726 (Boy Scout logo), 493775692 (Under Armour logo), 486234020 (Google logo), 486234006 (Google logo), 486234028 (Google logo), 486234036 (Google logo), 486234014 (Google logo),

494969942 (Chevron logo), 892307168 (Disney logo), 892307140 (Disney logo), 892307186 (Disney logo), 533086994 (John Deere logo). To be clear, Stability AI does not contend that the creation or distribution of images depicting third-party trademarks without authorization in and of itself infringes or dilutes those trademarks, but to the extent that Plaintiff contends otherwise, Plaintiff has engaged in such creation and distribution itself, including in some of the very images at issue in this case.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

185.    Plaintiff is barred from recovery of damages because of and to the extent of its failure to mitigate its alleged damages (to which, in any event, it is not entitled).

186.    More particularly, the images Plaintiff claims were used to train Stable Diffusion were identified, if at all, through URLs contained in the publicly available LAION-5B dataset, which links to images hosted on third-party websites rather than storing the images themselves. Plaintiff, a sophisticated content owner that holds itself out as actively policing its collection and monitoring the market for unauthorized use, identifies in its Complaint the specific images and URLs it claims to own.

187.    After Plaintiff became aware of the alleged infringement, Plaintiff could have identified for Defendants the URLs in LAION-5B that link to images Plaintiff claims to own, so that Defendants could exclude those images from any further training. Plaintiff did not do so. Plaintiff took no steps to provide that information or otherwise to limit the continued use of its images that it now alleges as a basis for damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Merger)**

188.    Plaintiff's claims of copyright infringement are barred or limited by the doctrine of merger because at least some of the Asserted Works are stock photographs depicting common subjects, settings, and concepts that can be expressed in only one or a limited number of ways and are accompanied by descriptive text that merely state the subject matter depicted. *See, e.g.*,

"Marble – stock photo," Registration No. VA0000901214[3] (identified in Exhibit A of the Complaint).

### SEVENTH AFFIRMATIVE DEFENSE

#### (*Scenes a faire*)

189.    Plaintiff's claims of copyright infringement are barred or limited because the material in which Plaintiff claims copyright constitutes "*scenes a faire*" in that the Asserted Works are stock photographs composed of standard, conventional elements common to their subject matter—typical poses, settings, lighting, and compositions—and their accompanying text and metadata use standard, descriptive language common to such images, all of which flow from the subject depicted and are therefore not protectable.  *See, e.g.*, "Marble – stock photo," Registration No. VA0000901214 (identified in Exhibit A of the Complaint).

### EIGHTH AFFIRMATIVE DEFENSE

#### (Safe Harbor)

190.    Plaintiff's claims are barred or limited because certain allegedly infringing conduct at issue falls within the safe harbors provided by 17 U.S.C. § 512 and/or 47 U.S.C. § 230. More particularly, Plaintiff's copyright claim is barred by 17 U.S.C. § 512 to the extent that Plaintiff's copyright claim is predicated on infringement of the Asserted Works occurring by reason of material stored at the direction of a user of Stability AI's hosted services—including an image of an Asserted Work that a user uploads, and any output reproducing an Asserted Work that a user generates from a user-supplied prompt.  Any such alleged infringement occurs by reason of the storage, at the direction of that user, of the user's image prompt on a system or network controlled or operated by or for Stability AI, within the meaning of 17 U.S.C. § 512(c).

191.    Stability AI satisfies the threshold conditions for the Section 512 safe harbors: Stability AI is a "service provider" within the meaning of 17 U.S.C. § 512(k); it has adopted and reasonably implemented, and informed the users of, a policy providing for the termination of repeat infringers in appropriate circumstances; and it accommodates and does not interfere with standard technical measures, as required by 17 U.S.C. § 512(i).

---

[3] https://www.gettyimages.com/detail/photo/marble-royalty-free-image/86799604.

192.    Stability AI further satisfies the requirements of 17 U.S.C. § 512(c)(1)-(2).  It does not have actual knowledge of any specific infringing material or activity on its system or network, it is not aware of specific facts or circumstances from which infringing activity is apparent, and upon obtaining any such knowledge or awareness, it acts expeditiously to remove or disable access to the material, as those terms are interpreted by the courts in the context of this statute. Stability AI does not receive a financial benefit directly attributable to any infringing activity that it has the right and ability to control, as those terms are interpreted by the courts in the context of this statute.  Stability AI has also designated an agent to receive notifications of claimed infringement.

193.    Plaintiff failed to comply with the notice obligations set forth in 17 U.S.C. § 512(c)(3).

194.    Moreover, Plaintiff's state law claims are barred by 47 U.S.C. § 230(c) to the extent that they seek to treat Stability AI as the publisher or speaker of information provided by another information content provider, for example for any text or image prompt that a user uploads to Stability AI's services in connection with the Asserted Works or any allegedly wrongful material generated as a result of such user-provided material.  Section 230(e)(2)'s exception for "law[s] pertaining to intellectual property" does not bar this defense as to Plaintiff's state-law claims, because in the Ninth Circuit that exception is limited to federal intellectual property and does not reach state-law claims.

Dated: July 2, 2026

**MORRISON & FOERSTER LLP**

By: */s/ Joseph C. Gratz*
    Joseph C. Gratz

JOSEPH C. GRATZ
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY
TSaulsbury@mofo.com
JACKSON T. LANE
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

ADITYA V. KAMDAR
AKamdar@mofo.com
BRITTANY A. WARREN
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:   202.887.1500
Facsimile:   202.887.0763

EVAN GOURVITZ
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone:   212.468.8000
Facsimile:   212.468.7900

CHRISTOPHER R. ADLER
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:   213.892.5200
Facsimile:   213.892.5454

*Attorneys for Defendants*
STABILITY AI LTD., STABILITY AI, INC.,
AND STABILITY AI US SERVICES
CORPORATION

DEFENDANTS' AMENDED ANSWER
TO COMPLAINT
CASE NO. 3:25-CV-06891-TLT-SK

25