DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

BENJAMIN E. MARKS (*pro hac vice*)
benjamin.marks@weil.com
JARED R. FRIEDMANN (*pro hac vice*)
jared.friedmann@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BRIAN G. LIEGEL (*pro hac vice*)
Brian.liegel@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3180

Attorneys for Plaintiff GETTY IMAGES (US), INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GETTY IMAGES (US), INC., <br><br> Plaintiff, <br><br> v. <br><br> STABILITY AI, LTD., STABILITY AI, INC., and STABILITY AI US SERVICES CORPORATION, <br><br> Defendants. | Case No. 3:25-CV-06891-TLT <br><br> **PLAINTIFF GETTY IMAGES (US), INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION (DKT. NO. 69)** <br><br> Judge:      Hon. Trina L. Thompson |

Pursuant to Civil Local Rule 7-11, and as supported by the Declarations of Benjamin E. Marks and Nick Rose filed concurrently herewith, Plaintiff Getty Images (US), Inc. ("Getty Images") respectfully requests leave to file a reply to Defendants' Response to Plaintiff's Administrative Motion to Modify the Case Management and Scheduling Order Pursuant to Civil L.R. 7-11 and Fed. R. Civ. P. 16(b)(4) (Dkt. No. 69).

Although Civil Local Rule 7-11 does not automatically provide for a reply in support of an administrative motion, leave is warranted here because Defendants' Opposition and the supporting declaration of Joseph C. Gratz accuse Getty Images of not being diligent and raise a number of inaccurate or incomplete factual assertions regarding the status of Stability AI's document productions that require a reply to correct the record. Among other things, Defendants fault Getty Images for not identifying specific deficiencies in Defendants' production or noticing any depositions when Stability had produced only 39 documents until the night before Getty Images filed this administrative motion, and Defendants misleadingly suggest that Getty Images has had access to productions from prior litigation in the UK between Getty Images and Stability AI, omitting the fact that UK procedural rules and confidentiality restrictions have barred Getty Images' U.S. counsel from accessing the vast majority of those materials until Defendants reproduce them. While Getty Images requested all documents disclosed by Stability AI in the UK proceeding and all witness statements and exhibits in April of this year, Stability AI interposed numerous objections, necessitating a series of negotiations even to obtain discovery for which no new searches were required and which had already been disclosed in that proceeding. Stability AI had not produced *any* documents from that proceeding until the evening of August 5, and its production even as to those documents remains incomplete.

Without an opportunity to respond to these and the numerous other half-truths in Defendants' response, the Court would be left with an incomplete record on factual issues bearing directly on the good-cause analysis under Rule 16(b)(4). Getty Images has prepared a proposed reply and submits it

concurrently with this Motion.

## I.     GOOD CAUSE EXISTS FOR LEAVE TO FILE A REPLY

Good cause exists for the Court to grant Getty Images' motion, for several reasons.

First, a reply will assist the Court in evaluating the pending Motion. Defendants' Opposition (Dkt. No. 69) opposes an extension of the discovery deadline—notwithstanding the fact that its own document production is nowhere near complete—by asserting, *inter alia*, that Getty Images "has not been diligent" because it waited three weeks after Defendants' Amended Answer to serve additional requests for production, has not yet noticed any depositions, and has refrained from burdening this Court with motions to compel in favor of attempting to work out discovery disputes through the meet-and-confer process, as well as by distorting the status of Defendants' own document production, which is nowhere near complete. These assertions present a selective and grossly incomplete picture of the record and warrant a focused reply setting forth a more complete procedural history—including Getty Images' timely service of its requests for production beginning nine months ago, its proactive negotiation of the protective order and ESI protocol, its identification of custodians, its ongoing document productions, the parties' ongoing meet-and-confer efforts regarding custodial search terms that remain unresolved, and the actual status of Defendants' production, which is the critical fact requiring the requested extension of the discovery deadline. Denying leave would require the Court to resolve these contested factual assertions without the benefit of Plaintiff's reply or the complete procedural history relevant to the good-cause determination under Rule 16(b)(4).

Second, the proposed reply is narrowly tailored. It addresses only the purported factual assertions raised in Defendants' Opposition to correct the record and does not reargue the merits of the underlying motion. The reply is only five pages in length and is limited to correcting factual inaccuracies and providing context necessary for the Court to make a good-cause determination under Rule 16(b)(4).

Third, Defendants will suffer no unfair prejudice. The proposed reply is being filed concurrently with this motion for leave, allowing Defendants full notice of its contents. The underlying Administrative Motion remains pending, and granting leave simply ensures that the Court has the benefit of a complete record before deciding whether good cause exists for the modest schedule modification. There is no upcoming deadline or proceeding that would be disrupted by the Court's consideration of Getty Images' reply.

Fourth, as the reply is already prepared and filed concurrently with this Motion, granting leave would require no additional briefing and no further delay.

## II.    PROPOSED RELIEF

Getty Images respectfully requests that the Court grant Plaintiff leave to file its lodged reply to Stability's Opposition. The requested relief will ensure that the Court has a complete and accurate record when considering Getty Images' pending Administrative Motion to Modify the Case Management and Scheduling Order (Dkt. No. 68).

Dated:  August 11, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Benjamin E. Marks*
BENJAMIN E. MARKS

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

BENJAMIN E. MARKS (*pro hac vice*)
benjamin.marks@weil.com
JARED R. FRIEDMANN (*pro hac vice*)
jared.friedmann@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BRIAN G. LIEGEL (*pro hac vice*)
Brian.liegel@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3180

Attorneys for Plaintiff GETTY IMAGES (US), INC.