JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
JACKSON LANE (CA SBN 351633)
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

ADITYA V. KAMDAR (CA SBN 324567)
AKamdar@mofo.com
BRITTANY WARREN (*pro hac vice*)
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:    202.887.1500
Facsimile:    202.887.0763

[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants
STABILITY AI LTD., STABILITY AI, INC., AND
STABILITY AI US SERVICES CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GETTY IMAGES (US), INC., | Case No. 3:25-cv-06891-TLT-SK |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY** |
| v. | |
| STABILITY AI, LTD., STABILITY AI, INC., and STABILITY AI US SERVICES CORPORATION, | Judge: Hon. Trina L. Thompson |
| Defendants. | |

EVAN GOURVITZ (*pro hac vice*)
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone:    212.468.8000
Facsimile:    212.468.7900

CHRISTOPHER R. ADLER (CA SBN 346588)
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:    213.892.5200
Facsimile:    213.892.5454

Defendants Stability AI Ltd., Stability AI, Inc., and Stability AI US Services Corp. (collectively, "Stability AI") respectfully oppose Plaintiff Getty Images (US), Inc.'s ("Getty's") Administrative Motion for Leave to File Reply (ECF 70 (the "Mot.")).

## I.   INTRODUCTION

Civil Local Rule 7-11 does not permit a reply as a matter of right, and Getty identifies no circumstance warranting additional briefing here.  Getty's proposed reply does not correct any inaccuracies in Stability AI's Response to Plaintiff's Administrative Motion to Modify the Case Schedule (ECF 69 (the "Resp.")).  It is instead a second opening brief, accompanied by two new declarations offering nearly a hundred new paragraphs of facts that Getty could have presented in its opening motion.  Getty's complaint that Stability AI's Response was "incomplete" merely reflects that the Response addressed the record ***Getty presented*** in its Administrative Motion to Modify the Case Schedule (ECF 68 (the "Op. Mot.")).  Getty has not shown a basis to receive discretionary additional briefing, and thus its Motion should be denied.

## II.   GETTY IDENTIFIES NO FACTUAL INACCURACIES JUSTIFYING A REPLY

Getty's proposed reply brief does not identify any factual inaccuracies.  Instead, it discusses (1) the status of Stability AI's document production; (2) the status of the parties' UK document productions; (3) Getty's lack of noticed depositions; and (4) the parties' lack of motion practice.  (Mot. 1-2; ECF 70-3.)  Stability AI's Response accurately characterizes all four points.

***First***, Stability AI stated that it made an initial production of 39 documents, then a subsequent production of over 8,000 documents.  (Resp. 3; Gratz Decl. ¶¶ 7-9 (ECF 69-1) (further noting that Stability AI also made available a dozen training datasets for inspection).)  Getty does not dispute these facts regarding Stability AI's productions, nor does it dispute that it has not identified any deficiency in these two productions to date.  (*See* Mot.)

***Second***, Stability AI did not suggest that Getty's US counsel already has access to every document produced in the UK litigation (just as Stability AI's US counsel does not have access to every document Getty produced in the UK litigation).  Stability AI stated that the parties had agreed to make mutual productions of documents and witness statements from the UK litigation. (Resp. 3-4; Gratz Decl. ¶ 4.)  Stability AI also noted that Getty has produced some witness

statements from the UK litigation, and that Getty's Opening Motion did not identify a UK discovery issue or UK protective order provision that warranted an extension.  (Resp. 3-4; Gratz Decl. ¶ 10.)

*Third*, Stability AI highlighted that Getty has yet to notice a deposition.  (Resp. 4-5; Gratz Decl. ¶ 11.)  Getty does not dispute these facts regarding its deposition notices.  (*See* Mot.)

*Fourth*, Stability AI stated that to the extent Getty has been unsatisfied with the volume or pace of discovery, Getty has not brought those dissatisfactions to impasse in meet-and-confer or raised them before Magistrate Judge Kim.  (Resp. 3.)  Getty does not dispute these facts, nor does it specify any motion or unresolved dispute preventing the parties from meeting this Court's deadlines.  (*See* Mot.)

Getty alleges "numerous other half-truths" that it does not spell out or cite in its Motion. (Mot. 1.)  That generalized assertion supplies no basis for additional briefing.

III.     **GETTY'S OMISSIONS IN ITS ORIGINAL MOTION DO NOT JUSTIFY A REPLY**

Getty next characterizes Stability AI's discussion of the record as "selective and grossly incomplete." (Mot. 2.)  Stability AI's Response, though, appropriately addressed only the scope of issues that Getty raised in its Opening Motion: (I) the parties' written discovery requests and the meet-and-confer process; (II) the status of document production, including from the UK litigation; and (III) the lack of depositions to date.  (*See* Op. Mot.)  Getty, the movant, decided what grounds to present.  If additional procedural history was necessary to establish diligence, Getty could have introduced that history in its Opening Motion, and Getty's choice not to do so does not justify a reply brief that seeks to add new facts to which Stability AI would have no opportunity to respond.

Getty seeks to introduce new and additional evidence of service of RFPs, negotiation of the protective order and ESI protocol, identification of custodians, its own document productions, and additional points regarding the parties' meet-and-confer efforts. (Mot. 2.)  Setting aside whether any of this shows diligence—which Getty does not discuss in its Motion—Getty does not explain why it could not have raised these known points in its opening motion.  Were this Court

to need the "complete procedural history" to make a good cause determination, it was incumbent upon Getty to provide that history before seeking a discretionary reply. (*Id.*)  Moreover, "[t]he Ninth Circuit has established that the 'district court need not consider arguments raised for the first time in a reply brief.' *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)." *Sarhadi v. Pear Health Labs, Inc.*, No. 24-CV-07921-TLT, 2025 WL 4644296, at *5 (N.D. Cal. July 11, 2025) (striking improper supplemental declaration).

In any event, Getty undercuts its own argument for leave to file the reply by arguing that Stability AI's document production is "***the critical fact***" to its requested extension. (Mot. 2 (emphasis added).)  The status of Stability AI's production was already squarely presented in the briefing. (*See* Op. Mot.; Resp.)  As noted above, there are no inaccuracies within the briefing. To the extent Getty contends incompleteness remains, its reply briefing would not cure that incompleteness.  Its proposed reply remains incomplete by overlooking, for example, productions from the custodial file of Emad Mostaque and the availability of training datasets for inspection directly responsive to discovery requests Getty cites. (ECF 70-3 at 4.)  If document production is "the critical fact" for the Opening Motion, then the reply is unnecessary.

## IV.    CONCLUSION

Getty had its chance to prove its diligence.  Now, having seen Stability AI's Response, it does not get a second bite at the apple with facts it had in hand.  Getty has failed to show good cause for leave to file a reply, and Stability AI respectfully requests Getty's Motion be denied.

Should the Court grant Getty leave to file its reply, Stability AI requests leave to file a sur-reply of no more than three pages to address the facts raised in Getty's two new declarations.

Dated: August 12, 2026

MORRISON & FOERSTER LLP


By: */s/ Joseph C. Gratz*
Joseph C. Gratz

JOSEPH C. GRATZ
JGratz@mofo.com
TIMOTHY CHEN SAULSBURY
TSaulsbury@mofo.com
JACKSON LANE
JLane@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:      415.268.7000
Facsimile:      415.268.7522

ADITYA V. KAMDAR
AKamdar@mofo.com
BRITTANY WARREN
BWarren@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:      202.887.1500
Facsimile:      202.887.0763

EVAN GOURVITZ
EGourvitz@mofo.com
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone:      212.468.8000
Facsimile:      212.468.7900

CHRISTOPHER R. ADLER
CAdler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:      213.892.5200
Facsimile:      213.892.5454

*Attorneys for Defendants*
STABILITY AI LTD., STABILITY AI,
INC., AND STABILITY AI US
SERVICES CORPORATION